IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs October 17, 2013

## SANDRA HILL v. COTTONWOOD ESTATES

**Direct Appeal from the Circuit Court for Tipton County**
**No. 6962      Joe H. Walker, III, Judge**

**No. W2013-00785-COA-R3-CV - Filed October 31, 2013**

Plaintiff appeals judgment in favor of Defendant apartment complex.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and
J. STEVEN STAFFORD, J., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the appellant, Sandra Hill.

William Allen Wooten, Covington, Tennessee, for the appellee, Cottonwood Estates.

### MEMORANDUM OPINION[1]

This dispute arises from the disposal of a decedent's possessions by Defendant
apartment complex, Cottonwood Estates ("Defendant').   In May 2012, Plaintiff/Appellant
Sandra Hill (Ms. Hill) filed a civil warrant in the General Sessions Court for Tipton County
seeking damages in the amount of $20,000 "for loss of [her] uncle's property that  was left
out on the street[,] plus cost[s]."  Following judgment in favor of Defendant in the general
sessions court, Ms. Hill appealed the matter to the Circuit Court for Tipton County.
Defendant filed a motion styled "Motion to Strike/Dismiss Complaint and/or Motion for

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion
would have no precedential value. When a case is decided by memorandum opinion it shall
be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited
or relied on for any reason in any unrelated case.

Summary Judgment" in November 2012. Following a hearing on March 8, 2013, the trial court entered summary judgment in favor of Defendant by order entered March 11, 2013. Ms. Hill filed a timely notice of appeal to this Court.[2]

### *Issue Presented*

Ms. Hill presents the following issues for our review, as worded by Ms. Hill:

(1)    Whether the trial court erred in holding Appellee Apartment owner had legal authority to dispose of a deceased tenant's personal property without appointment of an administrator, or other legal proceeding.

(2)    What was the fair market value of Decedent's property disposed of by the Appellee?

Defendant raises the additional issue of whether it is entitled to attorney's fees under the August 2003 Lease Agreement executed by Defendant and decedent.

### *Standard of Review*

We review a trial court's award of summary judgment *de novo* with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at 83 (quoting Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn.2000)). The burden of persuasion is on the moving party to demonstrate, by a properly supported motion, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id*. (citing *see Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

### *Discussion*

We begin our discussion by noting that the facts of this matter are undisputed. In her brief to this Court, Ms. Hill submits that the trial court's March 2013 order "succinctly states

---

[2]Ms. Hill was represented by counsel in the circuit court and in this Court.

the material facts of the case." She adopts the trial court's order in her statement of the case, quoting directly from the order.[3] The trial court's order states:

> Lee William Hooper rented a room from the defendant apartment. He died on February 19, 2012. He had one daughter, Ms. Cole, and two sons. He had siblings, and "numerous nieces and nephews." One niece is the plaintiff, Ms. Hill.
>
> Shortly after his death, the plaintiff Ms. Hill, went into the apartment and removed a case with documents, which she stated contained insurance and bank information.
>
> The defendant sealed the apartment as was the policy when someone died. Shortly thereafter, on February 25, the plaintiff requested the defendant open the apartment so she could get the remainder of the property. The defendant told the plaintiff she must get small estate letters from probate before they could turn the property over to her.
>
> On March 6, 2012, the decedent's daughter came from California. The defendant told her and the plaintiff that the property would be delivered to them upon presentation of letters from the probate court.
>
> Rent on the apartment was paid until the end of February, and defendant wanted the property removed so that the room could be rented. The property manager testified that Mr. Hooper had a written lease that gave the defendant the right to enter upon default and take possession of the apartment and dispose of the belongings.
>
> Defendant wrote a letter to the daughter of decedent giving additional time to get probate letters. The letter indicated the lights and water was shut off due to non-payment, and were reconnected in the name of defendant apartment. "On 4/4/2012 we will take possession of the property . . . You have until this date to obtain the correct paperwork that will allow you to remove any belongings from the premises."

---

[3] We observe that the trial court's order contained in the record transmitted to this Court differs slightly, but recites the same relevant substantive facts. The portions of the trial court's order not included in Ms. Hill's brief are: "He had siblings, and 'numerous nieces and nephews[,]'" and "The plaintiff filed suit in Sessions Court on April 11. She appealed an adverse verdict."

The personal belongings of Mr. Hooper [decedent] were removed April 10, 2012, and hauled off by the City.

The plaintiff filed suit in Sessions Court on April 11. She appealed an adverse verdict.

On June 14, 2012, plaintiff obtained letters of administration from the probation court.

In its judgment, the trial court determined:

The defendant apartment had a legal obligation to require proper administration letters before releasing the property of decedent to any relative. They did not have an obligation to indefinitely hold the property. The defendant told the plaintiff niece and the daughter to obtain proper estate letters and extended the time they held the property before removing the property from the apartment.

The court finds that the defendant acted reasonably[.]

In the statement of the case contained in her brief, Ms. Hill asserts that Defendant "was required to administer the estate through legal procedure." In the argument section of her brief, Ms. Hill asserts that Defendant "had no legal authority to take and dispose of decedent's property." She cites no authority in support of this assertion, however, but merely "contends Appellee's [Defendant's] status was as '*executor de son tort.*'" She quotes *Pritchard's Wills & Administration of Estates* §§ 518 & 519 to define the term *"executor de son tort,"* but otherwise makes no further argument and cites no additional law to support her contention that the term is applicable to Defendant, that Defendant acted wrongfully, or that Defendant is liable for damages. In her conclusion, Ms. Hill asserts that Defendant "was without authority to take and dispose of" decedent's property. In sum, Ms. Hill contends that the trial court erred by entering judgment in favor of Defendant, but makes no legal argument and cites no authority to support that contention.

We observe that Ms. Hill's brief is consistent with her filings in the trial court. In her January 2013 response to Defendant's motion to dismiss and/or motion for summary judgment, Ms. Hill asserted that she "denie[d] all [Defendant's] material averments" and asserted that Defendants "took possession of the decedent's property without lawful process and disposed of same in manner beyond all common decency, entitling plaintiff estate to actual and punitive damages of $20,000.00." She made no further argument or factual

-4-

assertions and, as noted above, concedes that the facts giving rise to this lawsuit are correctly recited in the trial court's order.

Ms. Hill's argument in this Court is utterly deficient. Mere assertions that the trial court erred do not constitute an argument. *See PNC Multifamily Capital Inst. Fund v. Bluff City Cmty. Dev. Corp.*, No. W2012–01611–COA–R3–CV, 2013 WL 3806345, at *5 (Tenn. Ct. App. July 18, 2013). Issues not argued in the argument portion of a brief are waived. *Painter v. Toyo Kogyo of Japan*, 682 S.W.2d 944, 951 (Tenn. Ct. App.1984). Additionally, "the failure . . . to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) [of the Tennessee Rules of Appellate Procedure] constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55–56 (Tenn. Ct. App. 2000)). Ms. Hill cites no authority to support her contention that Defendant acted wrongfully or that the trial court erred as a matter of law. We accordingly deem the issues raised by Ms. Hill to be waived.

We turn to Defendant's assertion that it is entitled to attorney's fees under the terms of the lease executed by Defendant and decedent. Upon review of the record, we find that Defendant asserted no counter-claim for attorney's fees in the trial court. Issues that were not raised in the trial court may not be raised for the first time on appeal. *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). This issue accordingly is waived.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are taxed to the Appellant, Sandra Hill, and her surety, for which execution may issue if necessary. This matter is remanded to the trial court for enforcement of the judgment and collection of costs.

 

_____
DAVID R. FARMER, JUDGE